IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHELL CHEMICAL L.P., § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DISCOVER PROPERTY & § <br> CASUALTY INSURANCE CO., § <br> Defendant. § | CIVIL ACTION NO. H-09-2583 |

## MEMORANDUM AND ORDER

This insurance case is before the Court on the Motion for Summary Judgment ("Shell's Motion") [Doc. # 33] filed by Plaintiff Shell Chemical L.P. ("Shell") and the Motion for Summary Judgment ("Discover's Motion") [Doc. # 30] filed by Defendant Discover Property & Casualty Insurance Company ("Discover"). Shell seeks a ruling that Discover owes it a duty to defend in two consolidated underlying lawsuits against it. Discover seeks a ruling that it owes no duty to defend. The Motions have been fully briefed.[1] Based on the Court's review of the record and the application of governing legal authorities, the Court concludes that Discover owes Shell a duty to

---

[1] Discover filed a Response [Doc. #34] to Shell's Motion, and Shell filed a Reply [Doc. # 37]. Shell filed a Response [Doc. # 35] to Discover's Motion, and Discover filed a Reply [Doc. # 36].

defend. Consequently, the Court **denies** Discover's Motion and **grants** Shell's Motion.

## I.     BACKGROUND

On July 28, 2005, Mission Petroleum Carriers, Inc. ("Mission"), an interstate motor carrier, was delivering Shell VM&P Naphtha to Valley Solvent Company, Inc. ("Valley Solvent"), one of Shell's customers. As required under the contract for Mission to deliver the naphtha, Mission added Shell as an additional insured to its liability insurance policies for coverage of $500,000.00. One policy is a Commercial Truckers Policy, No. D007A00027 (the "Texas Truckers Policy"), that covers only Texas-licensed vehicles. Another policy is a Commercial Truckers Policy, No. D007A00028 ("Policy 28"), that is intended to cover vehicles garaged in other states. A third policy is a Commercial General Liability Policy ("CGL Policy"), No. D007L00016.[2]

While Mission was unloading the naphtha at Valley Solve nt's facility in Fort Worth, Texas, an explosion and fire occurred. The explosion and resulting fire caused extensive damage to Valley Solvent's property and to the adjacent property owned by Chem-Solv Corporation ("Chem-Solv") and leased to Valley Solvent.

---

[2]  The Texas Truckers Policy is contained in Joint Appendix 4. The CGL Policy is contained in Joint Appendix 5. Policy 28 is contained in Joint Appendix 6.

Valley Solvent sued Shell in state court in Tarrant County, Texas, alleging that the fire occurred because either (1) a hose began to leak and the resulting vapor was ignited by an unknown source, or (2) the naphtha caused a static charge that caused a spark and ignited the naphtha. Valley Solvent asserts a breach of contract claim against Shell, alleging that Shell failed to develop a material safety data sheet ("MSDS") that identified the naphtha as capable of creating a static charge and as having a propensity to create an explosive mixture that could create a risk of explosion. Valley Solvent alleges that Shell's failure to disclose this information constituted a breach of the sale/purchase agreement and proximately caused the damage to Valley Solvent's facility.

Chem-Solv sued Shell and Mission in Tarrant County. Chem-Solv alleges that Shell had a duty to disclose information regarding the naphtha and that its failure to do so constitutes negligence, a marketing defect, and a breach of warranty that proximately caused the damage to Chem-Solv's facility.

The two lawsuits were consolidated. Shell requested that Discover provide a defense and indemnity under each of the three insurance policies that Discover issued to Mission. Discover denied Shell's request as to all three policies.

The parties filed cross-motions for summary judgment and have fully briefed the issues. The Motions are now ripe for decision as to Discover's duty to defend in the underlying consolidated lawsuit.[3]

## II.     DUTY TO DEFEND

### A.     Applicable Legal Principles

An insurer owes its insured a duty to defend "if a plaintiff's factual allegations potentially support a covered claim." *Zurich Amer. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008) (citing *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church,* 197 S.W.3d 305, 310 (Tex. 2006)). In deciding whether an insurer has a duty to defend, the Court must follow the "eight-corners rule" that provides that the duty to defend is determined only by considering the terms of the insurance policy and the pleadings in the underlying lawsuit. *Id.* at 491. The focus is on the factual allegations in the underlying complaint, not on the legal theories. *See id.* at 495 (citing *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997)). The Court is required to "resolve all doubts regarding the duty to defend in favor of the duty" and

---

[3]  Under Texas law, indemnity issues are justiciable only after a claim for coverage has been asserted against the insurer and the underlying lawsuit has been concluded by final judgment. *See D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 745 (Tex. 2009); *Farmers Tex. County Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 84 (Tex. 1997); *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 529 (5th Cir. 2004). As a result, the indemnity issue is not yet justiciable.

to "construe the pleadings liberally." *Id.* at 491. "If a complaint potentially includes a covered claim, the insurer must defend the entire suit." *Id.*

If the complaint in the underlying lawsuit clearly alleges only facts that would exclude coverage under the insurance policy, there is no duty to defend. *See Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004) (citing *Fidelity & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982)). If, however, it is unclear from the complaint in the underlying lawsuit whether the factual allegations fall within the policy's coverage, the "insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy." *See Zurich*, 268 S.W.3d at 491; *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 368 (5th Cir. 2008).

### B.     **Texas Truckers Policy**

Under the Texas Truckers Policy, Shell is an additional insured "but only with respect to their legal liability for acts or omissions of [Mission]." *See* Texas Truckers Policy, Joint Appendix 4, p. 77. Neither plaintiff in the consolidated underlying lawsuit asserts a cause of action against Shell based on Mission's acts or omissions. Instead, the plaintiffs in the underlying lawsuit assert against Shell claims based only on Shell's own failure to make necessary disclosures regarding the hazardous nature of the naphtha. The claims against Shell are distinct from the claims by Chem-Solv

against Mission for its alleged mishandling of the naphtha.[4] Consequently, it appears from the policy language that the Texas Truckers Policy does not provide a basis to require Discover to provide a defense to Shell.

Shell relies on *Evanston Insurance Co. v. Atofina Petrochemicals, Inc.*, 256 S.W.3d 660 (Tex. 2008), and *Atofina Petrochemicals, Inc. v. Continental Casualty Co.*, 185 S.W.3d 440 (Tex. 2005), to support its argument that Discover owes a duty to defend under the Texas Truckers Policy. In *Evanston*, the policy holder (Triple S) was performing maintenance and construction work at Atofina's refinery when one of the Triple S employees drowned after falling through the corroded roof of one of Atofina's fuel oil storage tanks. The policy at issue defined the term "insured" to include any additional insured, such as Atofina, "only with respect to operations performed by you [Triple S] or on your behalf . . .." *See Evanston*, 256 S.W.3d at 664. Because the plaintiff's injury in *Evanston* occurred during "operations performed by" the policy holder Triple S, the Texas Supreme Court held that an event occurs "with respect to operations" if there is a causal relationship between the event and the operations. *Id.* at 666. The Texas Supreme Court noted that, had the parties in *Evanston* wanted to provide additional insured status only for the additional insured's vicarious liability for the policy holder's conduct, "language clearly

---

[4] Valley Solvent does not assert any claims against Mission.

embodying that intention was available." *Id.* The Texas Truckers Policy contains such language "clearly embodying" the intent to provide coverage, and a duty to defend, to Shell as an additional insured only as to an injured party's claim that Shell is vicariously liable for Mission's acts or omissions. The Texas Supreme Court's decision in *Evanston* provides no support for Shell's position in this case.

In *Continental*, A&B Builders was hired to erect steel on property woned by Atofina Petrochemicals ("Fina"). A&B had insurance issued by Continental. The policy language provided coverage for an additional insured for its liability arising out of premises owned by A&B or for A&B's work for or on behalf of the additional insured. The policy language then excluded insurance for an additional insured if the alleged liability was based on the additional insured's act, error or omission. *See Continental*, 185 S.W.3d at 444. The Court in *Continental* held that the policy language excluded only alleged liability based on the additional insured's "sole negligence," noting that to construe the policy language to exclude coverage when there are allegations of any negligence on the part of the premises owner (A&B) under the circumstances of that case would render the endorsement coverage "illusory" because a premises owner has no liability for the acts of an independent contractor unless the premises owner exercises control over the contractor's work. *Id.* A contract, for insurance or otherwise, is illusory only if the obligations of a party cannot

be triggered under any circumstances. *See, e.g., In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 677 (Tex. 2006). In the case at bar, there clearly are situations in which additional insured coverage could be triggered. For example, Valley Solvent and/or Chem-Solv could have alleged that Shell was vicariously liable for Mission's negligence because Shell hired Mission to deliver the naphtha. Consequently, the policy language at issue in this case and under the circumstances presented here does not provide coverage to Shell as an additional insured.

In *Transportation Insurance Co. v. George E. Failing Co.*, 691 S.W.2d 71, Tex. App. – Austin 1985, writ ref'd n.r.e.), the Texas Court of Appeals considered policy language virtually identical to that contained in the Texas Truckers Policy. In that case, an employee of the policy holder was injured while he was operating a drilling rig truck manufactured by Failing. The employee sued Failing, alleging that his injury was caused by defects in the truck. Failing sought coverage under the policy, arguing that it would have no liability "but for" the alleged negligence of the policy holder's employee. The Texas Court held that there was no coverage under the policy for Failing because there were no allegations in the underlying lawsuit by the injured employee that Failing was liable because of the "acts or omissions" of the policy holder or its employees. *See id.* at 72.

Based on the clear language of the Texas Truckers Policy, and the decision of the Texas Court of Appeals in *Failing*, the Court concludes that the Texas Truckers policy does not provide a basis for requiring Discover to provide a defense to Shell in the underlying lawsuit.

### C. CGL Policy

Discover argues that the CGL Policy does not provide a basis for it to have a duty to defend Shell in the underlying lawsuit because (1) there was no "occurrence" as is required for coverage; (2) the self-funded reserve ("SFR") reduces the amount of coverage for Shell to zero; and (3) Discover has delegated the duty to defend to Mission.[5]  Because the policy language and the factual allegations in the underlying lawsuit do not support Discover's position, the Court concludes that Discover owes Shell a duty to defend under the CGL Policy.

*"Occurrence"* – The CGL Policy provides coverage for property damage that is caused by an occurrence. *See* CGL Policy, Joint Appendix 5, p. 00121.  The CGL Policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *See id.* at 00134.  The plaintiffs in the underlying lawsuit allege that Shell failed to disclose the hazardous

---

[5] Discover also notes correctly that its coverage for Shell is excess coverage. Discover does not assert or present evidence, however, that Shell has other insurance coverage for the underlying lawsuit.

nature of the naphtha, which caused an explosion and fire that damaged the plaintiffs' property. The allegations in the underlying lawsuit potentially state a claim for property damage caused by an "occurrence" as defined in the CGL Policy. The plaintiffs in the state court consolidated lawsuit allege that Shell's continuous failure to disclose naphtha's dangerous characteristics created a harmful condition, to which those plaintiffs were continuously exposed, that resulted in the damage to the plaintiffs' property. As a result, consideration of the eight-corners of the CGL Policy and the complaint in the consolidated underlying lawsuit establishes that there is potential coverage under the policy giving rise to a duty to defend.

The Court notes, additionally, that its decision on this issue is consistent with Texas Supreme Court authority holding that a breach of contract may occur for "reasons that we would call 'accidental.'" *See Lamar Homes, Inc. v. Mid-Continent Casualty Co.*, 242 S.W.3d 1, 8 (Tex. 2007).

**<u>SFR</u>** – The CGL Policy provides coverage up to $500,000.00 for Shell. The CGL Policy also contains a $500,000.00 "per incident" self-funded retention ("SFR"). The "damages caused in any one 'incident' that would otherwise be payable . . . will be reduced by the self-funded retention . . .."[6] *See* CGL Policy, at 00138. Discover

---

[6] The parties debate whether "would otherwise be payable" refers to the policy limits or to the damages for a covered incident that are not otherwise excluded by policy language. If the term refers to the amount of damages covered and not excluded, then
(continued...)

argues that the full amount of the SFR applies to reduce its coverage for Shell to zero and, therefore, Discover does not owe Shell a duty to defend in the underlying lawsuit.

The SFR, however, is "per incident" and not "per insured." In this case, Mission and Shell are both defendants in the underlying lawsuit and are both insureds for which the SFR would apply. There is nothing in the CGL Policy to indicate that Discover can elect to apply the entire SFR to Shell and none to Mission. Consequently, if Mission uses even $1.00 of the SFR amount for its own defense, then there would remain coverage for Shell and the existence of the SFR would not eliminate Discover's duty to defend Shell. As a result, Discover has not shown that the existence of the SFR negates its duty to defend Shell in the underlying lawsuit.

***Delegation of Duty to Defend*** – Discover argues that it has delegated to Mission any duty to defend Shell it might have under the CGL Policy. The provision on which Discover relies, however, begins by recognizing Discover's "right, duty and ultimate authority to investigate, defend or settle any claim or 'suit' asking for damages . . .." *See* CGL Policy at 00139. The CGL Policy then provides that Discover "will delegate" that responsibility to defend to Mission, "subject to the

---

6    (...continued)
the SFR would reduce the amount of damages and the remaining amount would be subject to the $500,000.00 coverage for Shell. The Court need not decide this issue because, as is discussed in this section, under either interpretation Discover has not shown that the SFR amount applies only to Shell to reduce the $500,000.00 amount of coverage to zero.

following conditions." *Id.* There is no evidence in the record to establish that these conditions have been satisfied and that Discover has actually delegated to Mission its duty to defend Shell. As a result, Discover is not entitled to summary judgment that it has delegated that duty.

Additionally, Texas case law supports Shell's argument that the duty to defend is non-delegable. *See Minnesota Life Ins. Co. v. Vasquez*, 133 S.W.3d 320, 330 (Tex. App. – Corpus Christi 2004, rev'd on other grounds) (holding that an insurance company has a non-delegable duty to act on claims). Case law from other jurisdictions also supports the holding that an insurer's duty to defend cannot be delegated. *See, e.g., McGrath v. Everest Nat'l Ins. Co.*, 2009 WL 3080275, *5 (N.D. Ind. Sept. 24, 2009) (holding that under the provisions of the insurance policy, the insurer incurred a duty to defend and "that duty was non-delegable").[7]

Based on the language of the CGL Policy, the record before the Court, and relevant case law from Texas and other jurisdictions, the Court concludes that Discover is not entitled to summary judgment on its argument that it owes Shell no duty to defend because it has delegated that duty to Mission.

### D. Policy 28

---

[7] The Court notes that Discover cites no case law holding that the insurer can delegate to the named insured its duty to defend an additional insured under the policy.

Policy 28 provides liability coverage for property damage "resulting from the ownership, maintenance or use of a covered auto." *See* Policy 28, Joint Appendix 6, p. 00239 (internal quotations omitted). Discover argues, *inter alia*, that there is no coverage under Policy 28 because the plaintiffs in the underlying lawsuit do not allege that Shell's liability results from Shell's "ownership, maintenance or use of an auto" covered by Policy 28. Discover's argument on this issue is well-taken. As was discussed more fully in connection with the Texas Truckers Policy, the plaintiffs in the underlying lawsuit assert that Shell is liable for the damage to their property because Shell failed to disclose necessary information regarding the hazardous nature of the naphtha, not because of Shell's "ownership, maintenance, or use of" a covered vehicle. As a result, there is no duty to defend provided by Policy 28.

### III.   CONCLUSION AND ORDER

Resolving all doubts regarding the duty to defend issue in favor of the insured, the Court concludes that the underlying consolidated lawsuit contains factual allegations that -- taken as true and construed broadly -- potentially state a claim against Shell that is covered under the CGL Policy. Consequently, Discover owes Shell a duty to defend. The indemnity issue is not yet justiciable because the underlying lawsuit remains pending. Accordingly, it is hereby

**ORDERED** that Shell's Motion for Summary Judgment [Doc. # 33] is **GRANTED**, and Discover's Motion for Summary Judgment [Doc. # 30] is **DENIED**. The ruling is without prejudice as to the duty to indemnify. It is further

**ORDERED** that this case is **STAYED AND ADMINISTRATIVELY CLOSED** pending final resolution of the underlying consolidated lawsuit, at which time any party may move for reinstatement of this case on the Court's active docket.

SIGNED at Houston, Texas, this **29th** day of **March, 2010**.

_____
Nancy F. Atlas
United States District Judge